**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIAMS ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2486** |
| **HIGBEE LANCOMS, LP** | **SECTION "L" (5)** |

## ORDER & REASONS

Before this Court is Defendant's Motion for Summary Judgment (R. Doc. 16). Having read the parties' briefs, reviewed the applicable law, and heard the motion on oral argument, the Court now issues this Order & Reasons.

### I.      BACKGROUND

This suit stems from an incident that occurred on March 27, 2013, at the Dillard's department store ("Dillard's") in Lakeside Mall, in Metairie, Louisiana.  On that date, the Plaintiff, Robin R. Williams ("Ms. Williams") was shopping at Dillard's, carrying a large "T.J. Maxx" bag.  At approximately 11:16 a.m., Dillard's Camera Operator, Jason Dennis ("Mr. Dennis"), began monitoring Ms. Williams' activities.  Over the course of approximately 38 minutes, as depicted in the video files contained in the DVD attached to this motion as Exhibit 1, Ms. Williams walked through various areas of clothing displays on the second floor of the store, selected merchandise which she carried in plain view on her arm, and occasionally entered changing rooms.

At approximately 11:55, however, while walking between clothing displays, Ms. Williams placed items of clothing in her T.J. Maxx bag.  (See Exhibit 1, file #20 from 11:55:50 to 11:56:10).  With the items in her bag, she continued to walk through the second floor and at

some point picked up a yellow shirt.  At approximately 12:01, Ms. Williams approached a Dillard's Sales Associate and, presumably, asked for directions to a changing room, as the video shows her changing direction and entering a changing room.  (See Exhibit 1, file #22, from 12:01:00 to 12:01:10).  After exiting the changing room, and still carrying the yellow shirt, Ms. Williams walked into an area near the west entrance of the store.  Again, while between displays of clothing, Ms. Williams placed the yellow shirt into her bag.  (See Exhibit 1, file #24, from 12:04:10 to 12:04:20).

Shortly thereafter, two Lakeside Mall security guards apparently called by Mr. Dennis entered the store and stopped Ms. Williams.  The guards took her bag and escorted her to the dock area on the store's first floor.  (See Exhibit 1, file #24, from 12:04:30 to 12:04:45).  There, one of the security guards opened her T.J. Maxx bag and removed four items of clothing from the bag.

Mr. Dennis called the Jefferson Parish Sheriff's Department (R. Doc. 10 at ¶ 8).  Deputy Mark Ducote arrived at the store at approximately 12:10, took a statement from Mr. Dennis and issued a summons and citation to Ms. Williams for violating La. R.S. 14:67.10, which prohibits the theft of goods and indicates that an "intent to deprive…may be inferred when a person [i]ntentionally conceals, on his person or otherwise, goods held for sale." La. R.S. 14:67:10. Charges were brought against Ms. Williams by the Jefferson Parish District Attorney's Office. The matter was set for trial on July 14, 2014. However, the charges were dismissed when neither Mr. Dennis nor any other representatives of Dillard's appeared to testify.  Ms. Williams' record was expunged approximately nine months later on April 28, 2015.

Plaintiffs initially filed suit on June 9, 2015, in the 24th Judicial District for the Parish of Jefferson, but voluntarily dismissed their petition for damages on July 7, 2015, the same date on

which they filed their Complaint in this Court.  Plaintiffs have now amended their complaint twice, most recently on September 18, 2015 (R. Doc. 10).[1]  Defendant Higbee Lancoms, LP ("Dillard's") filed its Answer and Defenses on October 16, 2015 (R. Doc. 14), and now brings this motion for summary judgment.

## II.     PRESENT MOTION

Before the Court is Defendant Dillard's Motion for Summary Judgment dismissing Plaintiffs' claims on two grounds: 1) that Plaintiffs' claims for defamation and negligent and intentional infliction of emotional distress are prescribed; and 2) that Plaintiffs cannot meet their burden of proof as to essential elements of any of their claims (R. Doc. 16).

## III.    LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir.2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*,

---

[1] Plaintiffs' initial complaint named "Dillard Corporation" and Jason Dennis as defendants.  In plaintiffs' first amended complaint, they removed Mr. Dennis as a defendant to maintain diversity of citizenship as the basis for subject matter jurisdiction.  In their second amended complaint, they substituted Higbee Lancoms, LP for "Dillard Corporation."

477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment ... by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir.2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little,* 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta,* 530 F.3d at 399.

## IV.   ANALYSIS

### a.   Prescription

Plaintiffs claim for malicious prosecution suit could not be brought until the charge had been dropped and the criminal proceeding terminated. The case against Ms. Williams was dismissed on July 14, 2014, and the Plaintiffs' complaint was filed on July 7, 2015, less than a year later. Therefore, Plaintiffs' claim for malicious prosecution is not prescribed as that tort does not lie until the bona fide termination of the underlying prosecution in favor of the plaintiff.

The torts of defamation and intentional/negligent infliction of emotional distress, however, prescribe 1 year from the date injury or damage is sustained. La. Civ. Code Art. 3492; *DiLosa v. City of Kenner*, No. CIV.A. 03-0310, 2004 WL 2984342, at *19 (E.D. La. Dec. 16, 2004). Defendant argues that the only allegations of wrongful acts or false statements which Plaintiffs attribute to Dillard's occurred on the date of the incident, March 27, 2013. Plaintiffs'

4

complaint was filed on July 7, 2015.[2]  Thus, Defendant contends that the complaint is prescribed at least to the claims of defamation and intentional/negligent infliction of emotional distress. Defendant contends that Louisiana courts have held that the pendency of a claim for malicious prosecution does not suspend or interrupt the running of prescription on other claims.  *Doughty v. Cummings*, 44,812 (La.App. 2 Cir. 12/30/09), 28 So.3d 580; *Evans v. Family Dollar Store, Inc.,* No. CIVA 05-1517, 2006 WL 1875500, at *2 (W.D. La. July 5, 2006).  *But see Lyons v. Knight*, 10-1470 (La. App. 3 Cir. 5/11/11), 65 So.3d 257, 264 (holding that prescription was suspended during criminal trial for action for defamation resulting from statements made to law enforcement in affidavits and distinguishing the Second Circuit's holding in *Doughty*).

Plaintiffs claim the actions for defamation and infliction of emotional distress are not prescribed under the theory of continuing tort because the harm suffered by Ms. Williams persisted until the criminal charge was dropped. *Crump v. Sabine River Authority*, 1998-2326, p. 7 (La. 6/29/99), 737 So.2d 720, 726 ("[F]or there to be a continuing tort there must be a continuing duty owed to the plaintiff and a continuing breach of that duty by the defendant"). Plaintiffs do not explain how the alleged defamation could be construed as continuing breach of Defendant's duty, but claim that Dillard's maintenance of its criminal complaint against Ms. Williams constituted the continuous tort of repeated infliction of emotional distress. That said, the Court need not rule on the issue of prescription as the Plaintiff has failed to state a claim for defamation or infliction of emotional distress as described below.

### b.  Failure to State a Claim

#### i.  *Defamation*

---

[2] Plaintiffs' state court petition was voluntarily dismissed, and is therefore not considered for the purposes of prescription.  However, even if considered, it was filed June 9, 2015, more than a year after the date of the incident.

To prevail on their defamation claim against Dillard's, Plaintiffs bear the burden of proving (1) a false and defamatory statement; (2) an unprivileged publication to a third party; (3) negligence (as set forth in the Restatement (Second) of Torts § 580B) on the part of Mr. Dennis; and (4) resulting injury.  If one of these required elements is found lacking, the cause of action fails.  *Kennedy v. Sheriff of East Baton Rouge*, 935 So.2d 669 (La. 2006).

There are two allegedly defamatory statements quoted in Plaintiffs' second amended complaint.  First, Mr. Dennis allegedly told Deputy Ducote, "I observed the female carrying a TJ Maxx bag remove selected hangers of different articles of clothing and concealed the unpaid merchandise in the TJ Maxx bag."  (R. Doc. 10 at ¶ 9).  Second, Plaintiffs allege, "Mr. Dennis then stated falsely that 'Mall security was able to the stop the female [Ms. Williams] and recovered the concealed merchandise from inside the suspects bag.'" (R. Doc. 10 at ¶ 10).

Both of those statements are true. The videos contained in Exhibit 1 show Ms. Williams placing clothing in her opaque T.J. Maxx bag.  The videos further show that she was detained by Lakeside mall security guards, one of whom recovered the concealed clothing from her T.J. Maxx bag.  Thus, the Plaintiffs cannot meet the first element of the tort of defamation—a false statement.  Second, the Plaintiffs claims fail because Mr. Dennis' statements to Deputy Ducote are privileged and cannot subject Dillard's to liability.

In *Kennedy v. Sheriff of East Baton Rouge*, 935 So.2d 669, 683 (La. 2006), the Louisiana Supreme Court held that a qualified or conditional privilege extends to communications to law enforcement on the subject of suspected criminal acts because "it is founded on a strong public policy consideration: vital to our system of justice is that there be the ability to communicate to police officers the alleged wrongful acts of others without fear of civil action for honest mistakes."  The court further held that this privilege is abused only when the person making the

6

communication a) knows the matter to be false or b) acts in reckless disregard as to its truth or falsity. *Id.* at 684. Because Mr. Dennis was communicating his suspicion that Ms. Williams was engaging in theft to a police officer, the conditional privilege applies here. *See also Durand v. Brookshire Grocery Co.*, 98-1738 (La. App. 3 Cir. 6/30/99), 747 So.2d 89, 93-94 (qualified privilege exists for shopkeepers to temporarily detain an individual and investigate shoplifting if they have reasonable cause to believe a theft has occurred).

Thus, in order to impose liability, Plaintiffs must present evidence that Mr. Dennis either knew his statements to Deputy Ducote were false or spoke with reckless disregard for the truth. Plaintiffs cannot meet this burden because the statements were true i.e., Ms. Williams did conceal clothing in her bag. Even if the defamatory statement was an accusation of theft, which may not have true—Ms. Williams may have intended to pay for the items she concealed in her shopping bag—the acts witnessed by Mr. Dennis (concealing unpaid for items in bag) gave rise to a reasonable belief that Ms. Williams was attempting to shoplift. Pursuant to La. R.S. 14:67.10, concealment of merchandise is sufficient to prove the intent necessary to convict for theft of goods. *See State v. Johnson*, 95-906 (La.App. 5 Cir. 1/28/97), 688 So.2d 162. If concealment of merchandise is sufficient to convict for theft, it follows that witnessing someone concealing merchandise is a sufficient basis to suspect a theft is being committed.

Plaintiff argues that the alleged defamation included not only Mr. Dennis' statements made to the mall security officers, but the verbal accusation of shoplifting made in public view of everyone present in the store. Plaintiffs claim that the qualified privilege of statements made to law enforcement do not apply to statements heard by the other customers and employees of the store. Plaintiffs cite *Chretian v. F.W. Woolworth Company*, 160 So.2d 854, 856 (La. App. 4 Cir. 1964), in which a plaintiff customer was awarded damages after a storekeeper wrongly

suspected her of shoplifting in front of as many as 30-40 other customers.  However, the court in that case found that the store owner did not have a reasonable cause to believe the customer was shoplifting when the basis for the belief was a tip from another shopper.  This case is distinguished in *Durand v. Dollar Store of Hammond, Inc.* in which a shopkeeper was not liable for defamation after wrongfully accusing customers of theft in view of others, when the shopkeeper had reasonable cause to investigate after observing the customers place an item in a bag.  242 So.2d 635, 640 (La. App. 1 Cir. 1970). Thus, as explained above, even if the alleged defamation were the public accusation of theft, Plaintiff still fails to state a claim for defamation as Mr. Dennis acted reasonably in suspecting Ms. Williams of theft when he witnessed her place unpaid for items in her T.J. Maxx bag.

### ii.  *Malicious Prosecution*

An action for malicious prosecution in a criminal proceeding lies in all cases where there is a concurrence of the following elements: (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; (6) damage conforming to legal standards resulting to plaintiff.  *Miller v. E. Baton Rouge Par. Sheriff's Dep't*, 511 So. 2d 446, 452 (La. 1987).

However, where the defendant in a malicious prosecution case simply presents facts to the authorities in good faith and a prosecutor makes an independent decision to bring a criminal charge, elements (2), (4), and (5) are specifically negated and the malicious prosecution case dissolves.  *Knighton v. Dillard Dep't Stores, Inc.,* 15 F.3d 181 (5th Cir. 1994).  Here, Mr. Dennis made a statement to the Jefferson police in good faith and, as such, there is no case for malicious

prosecution.  Assuming arguendo that a question of fact exists as to whether Dillard's instituted the prosecution, Plaintiffs' claim still fails, as Dillard's had probable cause to report the suspected theft and a lack of malice in doing so.

Probable cause for arrest exists when facts and circumstances within the knowledge of the arresting officer and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense.  *Miller*, 511 So. 2d at 452.  Here, Mr. Dennis watched Ms. Williams place clothing in her bag twice and, the manner in which she did so—while walking behind clothing displays—magnified the impression that she was acting suspiciously.

Further, the Plaintiffs cannot show malice.  Malice is found when the defendant uses the prosecution for the purpose of obtaining any private advantage, for instance, as a means to extort money, to collect a debt, to recover property, to compel performance of a contract, to "tie up the mouths" of witnesses in another action, or as an experiment to discover who might have committed the crime.  *Id.* at 453.  Contrary to the allegation in Plaintiffs' complaint, Dillard's does not and has never offered a bonus or other financial incentive to any employee for assisting in apprehending customers suspected of theft.

### iii.   *Intentional/Negligent Infliction of Emotional Distress*

An emotional distress claim under Louisiana law requires that the plaintiff establish three elements: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that such distress would be substantially certain to result from the conduct.  *Banks v. Toys R. Us*, No. CIV.A. 02-1427, 2004 WL 241695, at *7 (E.D. La. Feb. 6, 2004) *aff'd sub nom. Banks v. Toys "R" Us*, 115 F. App'x 215 (5th Cir. 2004).  Louisiana courts

have set a high threshold on conduct sufficient to sustain a claim for emotional distress.  The Louisiana Supreme Court has stated that the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."  *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991).  Furthermore, Louisiana "courts require truly outrageous conduct before allowing a claim…even to be presented to a jury."  *Morris v. Dillard Dep't Stores, Inc.,* 277 F.3d 743, 757 (5th Cir. 2001) (internal quotation omitted).

Plaintiffs allege that Mr. Dennis falsely accused Ms. Williams of theft, and that he should have known Dillard's did not have a viable criminal complaint against her.  Plaintiffs allege that a public accusation of theft and initiation of criminal proceedings are sufficiently egregious to establish a claim for emotional distress.  Plaintiffs also claim that the Dillard's manager, a different employee than Mr. Dennis, intimidated Ms. Williams by threatening to subject her to arrest and prosecution if she were to return to another Dillard's store in the future.  Following the arrest, Ms. Williams was unable to obtain an expungement of her arrest record and the resulting proceedings until April 28, 2015, more than two years after the incident.  Plaintiffs claim that Ms. Williams' inability to pass a background check during this interim period prevented her from obtaining employment, which also contributed to her emotional distress.

However, taking these allegations as true, Defendant's conduct is not of such an outrageous character to support a claim for emotional distress, whether intentional or negligent, and therefore it fails as a matter of law.  Accusing someone of theft and threatening her with arrest and prosecution after witnessing her conceal items in a shopping bag before paying for said items is not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized

community." In fact, it is reasonable. It is reasonable to suspect someone of shoplifting when they put an item in their bag without paying for it.

###### V.     CONCLUSION

Defendant's motion for summary judgment does not ask this Court to decide whether Ms. Williams actually intended to steal merchandise, but rather whether or not Plaintiffs can bring their tort claims as a matter of law.  Plaintiffs cannot prevail on their tort claims because they cannot establish that Dillard's acted with reckless disregard as to the truth of Mr. Dennis' accusation of theft, that it acted with malice regarding the prosecution of the criminal complaint, and that its conduct was sufficiently outrageous to give rise to a claim for emotional distress. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiffs' claims are dismissed, with prejudice, and at plaintiff's cost.

New Orleans, Louisiana this 26th day of February, 2016.

_____
United States District Judge

11